UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DOMINIC THOMAS,                                   Case No. 17-CV-4602 (JRT/TNL)

               Petitioner,

v.                                                                 REPORT AND RECOMMENDATION

M. RIOS,

               Respondent.

---

Petitioner Dominic Thomas brought this habeas corpus action alleging that prison staff had been deliberately indifferent to his medical needs. This Court explained to Thomas in a prior order that "'[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.'" ECF No. 7 at 1 (quoting *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014)). In his habeas petition, Thomas challenged the *conditions* of his confinement, not the fact or duration of his confinement. Accordingly, a petition for a writ of habeas corpus was not the correct procedural vehicle for Thomas to present his claims.

Rather than recommend dismissal of this action on that basis, this Court afforded Thomas an opportunity to proceed as though he had filed a traditional civil rights action. In order to do so, however, Thomas would be required either to forego *in forma pauperis* status and pay the entire $400.00 filing fee, or to submit an initial partial filing fee as established by 28 U.S.C. § 1915(b). This Court therefore ordered on October 30, 2017 that Thomas either pay the $400.00 filing fee or, in the alternative, submit adequate financial information, such as a certified copy of

his prison trust account, from which an initial partial filing fee could be calculated.[1]  *See* ECF No. 7.  Thomas was given 20 days in which to do so, failing which it would be recommended that this matter be dismissed for failure to prosecute.  *See* Fed. R Civ. P. 41(b).

That deadline has now passed, and Thomas has not paid the filing fee for this action or submitted the required financial information.  In fact, Thomas has not communicated with the Court about this case at all since commencing this action.  Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

---

[1]Thomas's IFP application did include a certificate completed by a prison official purporting to state the current account balance, total deposits to Thomas's prison trust account over the past six months, and average monthly balance of Thomas's prison trust account over the past six months.  *See* ECF No. 2 at 6.  But, as this Court previously noted, the numbers provided on that certificate were mathematically impossible — i.e., if the current balance to Thomas's account was correct, and the total deposits made over the past six months were correct, then the average monthly balance of his account could not have been correct.  This Court therefore requested a certified copy of Thomas's prison trust account in order to ensure that the financial information provided by Thomas was accurate.  *See* 28 U.S.C. § 1915(a)(2).

Dated: December 6, 2017            <u>    s/Tony N. Leung                          </u>
                                   Tony N. Leung
                                   United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).